UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:18-CV-14243-ROSENBERG/REID

ROBERT LEE KENON, JR.,

    Petitioner,

v.

MARK S. INCH, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION**

    This matter is before the Court upon Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. DE 1. This matter was previously referred to Magistrate Judge Lisette M. Reid pursuant to Administrative Order 2019-2 of the United States District Court for the Southern District of Florida. Judge Reid issued a Report and Recommendation on May 20, 2020. DE 13. The Court has conducted a *de novo* review of the Report and Recommendation, the record, and is otherwise fully advised in the premises. The Court finds the Report and Recommendation to be well-reasoned and correct and adopts it in all respects except two, which are discussed below.

*Report and Recommendation*

    First, the Report and Recommendation states that "Petitioner forced [M.M.] to take off her pants, touched her breasts and vagina, forced her to perform oral sex on him, and put his penis inside her vagina." DE 13 at 3 (citing T. 213–214). The cited portion of the trial transcript does not indicate that Petitioner put his penis inside her vagina. The following exchange

occurred during the same examination of M.M.:

>    **Q.**   And, uh, did, uh, did your (sic) penis and his (sic) vagina touch?
>    **A.**   (Through the Interpreter) Yes, he put it there but he didn't do me anything.
>    **Q.**   Okay, did he—did he penetrate you?
>    **A.**   (Through the Interpreter) No, he just put it there on my part, but he never did penetrate.

T. 219, DE 11-2 at 57. Accordingly, the Court does not adopt this factual finding of the Report and Recommendation.

Second, the Court elaborates on the Report and Recommendation's discussion of Claim Five. As the Report and Recommendation correctly notes, Petitioner's decision not to testify at trial was voluntary. However, Petitioner does not allege that his decision not to testify was involuntary; rather, he alleges that his trial counsel was constitutionally deficient in advising him not to testify, and his post-conviction counsel rendered ineffective assistance in failing to raise that ground in his post-conviction motion. The alleged basis for his counsel's advice that he not testify was that "the prosecution could delve into the specifics for his past crime history," and "[h]ad trial counsel correctly advised the petitioner that the state could not elicit specific detail [sic] of his criminal history the petitioner would have testified." DE 1 at 13.

Florida Rule of Evidence 90.610 states: "A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was [a felony] . . . , or if the crime involved dishonesty or a false statement regardless of the punishment," subject to certain exceptions. In *Jones v. Secretary, Department of Corrections*, the Eleventh Circuit considered a similar ineffective-assistance claim by a habeas petitioner. 487 F. App'x 563 (11th Cir. 2012) (unpublished). There, the petitioner asserted that his trial counsel was ineffective by advising that if the petitioner testified, the prosecutor could inquire about the details of his prior felony convictions. The Eleventh Circuit observed:

> If Jones had taken the stand, Florida law would have prohibited the State from cross-examining him about the nature of his five prior felonies, unless he opened the door to that line of questioning. As long as he kept that door shut, questions on cross-examination about his prior felony convictions would have led to the identification of each of them but could not have sought details about the nature of them.

*Id.* at 568 (internal citations omitted). The Court went on to hold that even if the petitioner's counsel had incorrectly advised him otherwise, petitioner failed to establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). *Jones*, 487 F. App'x at 568.

The same analysis applies here. Even assuming Petitioner's trial counsel incorrectly advised Petitioner of the State's latitude under Rule 90.610, Petitioner has failed to show prejudice for the reasons described in the State's Response to the Court's Order to Show Cause. DE 9 at 62–63. Considering the totality of the State's evidence presented at trial, including eyewitness testimony of the kidnapping at gunpoint, Petitioner's proffered testimony (presented in Claim Four of the Petition) would not have changed the outcome of the trial. Accordingly, the Court finds that Petitioner has not established prejudice under *Strickland* and denies Claim Five on that basis.

### *Motion for Voluntary Withdrawal*

On June 1, 2020, after the Report and Recommendation issued, Petitioner filed a Motion for Voluntary Withdrawal ("Motion"). DE 14. The Motion does not contain any objections to specific findings of the Report and Recommendation. Rather, it states that Petitioner "has discovered that the retained attorney did not preserve vital issues on his case concerning ineffective assistance of counsel claims as well as several court issues," and Petitioner seeks to raise these unspecified claims in state court in the first instance. DE 14 at 2.

To the extent that Petitioner seeks to return to state court to exhaust Claim Five, the

request is denied because the Court concludes that Claim Five is not meritorious regardless of Petitioner's failure to exhaust. 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

If, however, Petitioner seeks dismissal without prejudice in order to exhaust claims not currently in his Petition, that poses a problem. A dismissal without prejudice at this stage would likely function as a dismissal with prejudice due to the one-year time bar under 28 U.S.C. § 2244(d)(1), which elapsed during the pendency of this action. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) (noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations"). This means that if the Court were to grant Petitioner's motion to voluntarily dismiss his Petition without prejudice, it is all but certain that any re-filed federal petition would be time-barred and Petitioner would lose his opportunity for federal review.

If the Court were to instead construe the Motion as a motion for leave to amend the Petition—adding the unexhausted claims referenced in the Motion—and stay the Petition pending exhaustion, the Court would deny the Motion for two reasons. First, the Court would exercise its discretion to deny leave to amend the Petition at this late stage of the proceedings. *Moore v. Balkcom*, 716 F.2d 1511, 1526–27 (11th Cir. 1983) ("[T]he granting or denial of leave to amend lies within the discretion of the trial court . . . ."). The State's response to the Petition was filed on August 10, 2018. DE 9. Petitioner had the benefit of nearly two years to review his records and the State's arguments. Petitioner did not alert the Court to his desire to assert additional unexhausted claims until after substantial judicial resources had been expended in preparing the Report and Recommendation. These circumstances amount to undue delay, and amendment is therefore inappropriate.

Second, even if the Court were to permit an amendment, staying the Petition pending further exhaustion would be inconsistent with *Rhines*. There, the Supreme Court observed that staying habeas petitions "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. Therefore, a stay is available only when the petitioner shows good cause for failure to exhaust in state court and when the unexhausted claims are not "plainly meritless." *Id.* Petitioner has neither described the claims he plans to exhaust nor explained why he failed to exhaust them. Accordingly, good cause has not been shown, and the Motion is denied.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reid's Report and Recommendation [DE 13] is hereby **ADOPTED IN PART**.

2. The Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.

3. Petitioner's Motion for Voluntary Withdrawal [DE 14] is **DENIED**.

4. A Certificate of Appealability **SHALL NOT ISSUE**.

5. The Clerk of the Court is instructed to **CLOSE THIS CASE**.

6. All other motions are **DENIED AS MOOT** and all deadlines are terminated.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of August, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record